US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 1 0 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRADEN MICHAEL PURCELL,                                          PLAINTIFF

vs.                         NO. 13-2099

SEBASTIAN COUNTY SHERIFF BILL HOLLENBECK, and
SEBASTIAN COUNTY SHERIFF'S DEPUTY BRYAN D. FULLER,      DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Braden Michael Purcell, and for his Complaint against Defendants, Sebastian County Sheriff Bill Hollenbeck and Sebastian County Sheriff's Deputy Bryan D. Fuller, each in their individual and official capacity, states and alleges:

## SUMMARY

1.  The First Amendment's protections for freedom of speech and the press give citizens the right to take still or moving photographs of public officials performing their duties in public settings. This well-established legal principle has long been enshrined in police department policies across the country but that fact has not prevented the police from treating photography as a crime in a growing number of high-profile incidents. Whether this is caused by some latent hostility to the press or from aversion to the embarrassment of incriminating videos appearing on YouTube, police officers increasingly react harshly to the presence of cameras. Credentialed journalists covering public events, such as Occupy Wall Street, have been subjected to arrest, detention, and physical mistreatment simply for practicing their profession. Likewise, private citizens, who enjoy the same degree of First Amendment protection as reporters, have been harassed and arrested for taking photographs of police officers in public places. This is precisely such a case.

1

2. As a consequence, Courts have been forced to remind the police that "a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment." *Glik v. Cuniffe*, 655 F.3d 78, 85 (1st Cir. 2011). "Gathering information about government officials in a form that can be readily disseminated to others serves a cardinal First Amendment interest in promoting 'the free discussion of governmental affairs.'" *Id.* at 82 (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)).

3. The United States Department of Justice has reinforced this message by filing a "Statement of Interest" in a recent case as part of its responsibility to enforce federal civil rights statutes that prohibit state and local law enforcement agencies from engaging in conduct that deprives persons of their rights under the Constitution and laws of the United States. It explained that " [t]he right to record police officers while performing duties in a public place, as well as the right to be protected from warrantless seizure and destruction of those recordings, are not only required by the Constitution," they "are consistent with our fundamental notions of liberty, promote the accountability of our government officers, and instill public confidence in the police officers that serve us daily." Statement of Interest of the United States, Sharp v Baltimore City Police Dept., Civil No. 1:11-cv-02888-BEL (D. Md., Jan. 10, 2012) at p. 1 (available at http://www.justice.gov/crt/about/spl/documents/Sharp_SOI_1-10-12.pdf (last visited Apr. 2, 2013)).

4. This Complaint arises out of a policy and custom of the Sebastian County Sheriff under which Braden Purcell, an ordinary citizen, was physically knocked to the ground, kicked, humiliated, handcuffed, arrested and jailed and from whom personal property was illegally seized, solely as a result of his taking an image of police activity while in a public place adjacent to a city street. Multiple deputies of the Sebastian County Sheriff (including Deputy Fuller) brutalized and

humiliated Mr. Purcell, illegally arrested him, and seized and continue to hold his private property (an iPhone) without any valid legal basis, solely in order to suppress the incriminating video contained upon that iPhone. When Mr. Purcell exercised his First Amendment right to oppose these illegal policies and practices and to seek redress, Defendants engaged in an escalating campaign of retaliation in an effort to silence him and to prevent these illegal practices from coming to light through the video contained upon that iPhone. Fabricated and baseless charges against Mr. Purcell of "interfering with governmental operations" and "resisting arrest" were mysteriously (and not surprisingly) subsequently dropped.

5.  Accordingly, this civil rights action seeks redress for the violation of Mr. Purcell's rights under the United States Constitution, federal, and state law. It challenges Sebastian County's policy, custom and practice of obstructing the First Amendment rights of the press and the public to gather and record news and information about police activity in public places. This case presents a particularly disturbing example of the type of police misconduct directed at photographers and the public in recent years that Courts and the Justice Department have justly condemned.

## PARTIES AND JURISDICTION

6.  Plaintiff Braden Michael Purcell is an individual and has, at all times relevant hereto been a citizen and resident of the state of Texas.

7.  The Defendant Sebastian County Sheriff Bill Hollenbeck, is an individual and, on information and belief, is a citizen and resident of Sebastian County, Arkansas. Defendant Hollenbeck has at all relevant times been the Sheriff of Sebastian County. As Sheriff, he is the highest ranking officer at the Sebastian Sheriff's Department and has broad authority under state law to make all decisions regarding policies and practices relating to the operation of the department, including decisions concerning the subject matter of this complaint and similar

decisions concerning similar subjects. The decisions of Defendant Hollenbeck represent official policy, practice and custom. He is a defendant in both his official and individual capacity. All relevant action by the Defendant Hollenbeck is action under color of state law.

8.     The Defendant Sebastian County Sheriff's Deputy Bryan D. Fuller, is an individual and, on information and belief, is a citizen and resident of Sebastian County, Arkansas. Defendant Fuller has at all relevant times been employed by Defendant Hollenbeck as a Deputy Sheriff, and was one of the officers who participated in the brutalization of Mr. Purcell and the seizure of Mr. Purcell's person and property. He is the Deputy Sheriff who first demanded that Mr. Purcell turn over his iPhone to him and then with the assistance of other Deputy Sheriffs physically forced Mr. Purcell to the ground, arrested and jailed him and seized his property as a result of his taking an image with his iPhone while in a public place, and initiated baseless and unwarranted charges against Mr. Purcell of obstructing governmental operations and resisting arrest. He is a defendant in both his official and individual capacity. All relevant action by the Defendant Fuller is action under color of state law.

9.     This court has jurisdiction over Mr. Purcell's claims under 28 U.S.C. § 1331, as his claims arise under the constitution and laws of the United States, specifically, under the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and also has jurisdiction under 28 U.S.C. § 1443. This court has supplemental jurisdiction over Mr. Purcell's pendent state law claim of conversion under 28 U.S.C. § 1367.

10.    Mr. Purcell's claims in this action arose within Sebastian County, which are within this judicial district. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL SUMMARY

11. On February 7, 2013, Braden Purcell was taking a walk in a public area in Fort Smith, Arkansas, when he noticed the Sebastian County Sheriff's SWAT team raiding a home across the street. Upon witnessing this dramatic event unfolding in real time, Mr. Purcell decided to record it with an image upon his iPhone.

12. Defendant Fuller saw Mr. Purcell take the image and aggressively ran toward Mr. Purcell and in an extremely aggravated tone demanded that Mr. Purcell give him his iPhone and produce identification.

13. Mr. Purcell responded to Defendant Fuller by stating in a respectful tone that he had a right, protected by the First Amendment to the United States Constitution, to take the image.

14. Upon hearing this response, Deputy Fuller became visibly enraged and again demanded that Mr. Purcell hand over his iPhone with an even angrier tone and demeanor.

15. Mr. Purcell responded by stating in a respectful tone, "No Sir."

16. In response, Defendant Fuller physically charged Mr. Purcell. Out of fear for his personal safety, Mr. Purcell also recorded the assault on his iPhone and advised Defendant Fuller that he was recording the event and that he had violated no law by so doing. All these facts and events are contained in the image that is recorded upon Mr. Purcell's iPhone.

17. Defendant Fuller swung at Mr. Purcell in an attempt to either grab his iPhone or knock it from his hand, when he was unsuccessful, Defendant Fuller grabbed Mr. Purcell's arm and violently threw him on the ground by the arm.

18. Four other Sebastian County Sheriff's deputies joined Defendant Fuller as Defendant Fuller yelled to the other Deputy Sheriffs to "get his phone" which was continuing to record the assault.

19. During the assault, one of the Deputy Sheriffs viciously kicked Mr. Purcell on his side, in and about his ribs. As a result, Mr. Purcell was temporarily dazed and suffered significant albeit temporary pain.

20. As a result of the kick to his ribs, Mr. Purcell dropped the phone. The Deputy Sheriffs handcuffed Mr. Purcell, took him across the street to the location of the raid, and sat him on the ground while the SWAT team continued its raid on the residence.

21. While handcuffed, Mr. Purcell again informed Defendant Fuller that he had violated no laws and that he had a right under the First Amendment to the United States Constitution to make the recording.

22. Defendant Fuller responded to Mr. Purcell by aggressively yelling, "Shut up, I don't want to hear about your rights."

23. Mr. Purcell asked Defendant Fuller what he was being detained for, Defendant Fuller responded harshly, "because I don't like being told no, I'll think of something."

24. Mr. Purcell was then placed into the back seat of a squad car whereupon he watched as Defendant Fuller tried repeatedly to guess the pass code and unlock Mr. Purcell's iPhone which was pass code protected in order to access the recording.

25. After a period of time, another Deputy Sheriff got in the squad car with Mr. Purcell's baseball cap. When Mr. Purcell asked the deputy about his iPhone, he was told, "Deputy Fuller has it."

26. While in route to the Sebastian County Jail, Mr. Purcell was told by a Deputy Sheriff that he was being charged with resisting arrest and obstructing governmental operations.

27. Mr. Purcell booked into the Sebastian County Jail on these baseless charges at the instigation of Defendant Fuller. He was held in the Sebastian County Jail overnight. He bailed out the following morning (February 8, 2013), on a $2,000 bond at a cost of $270.00.

28. Upon his release, the Defendants refused to produce the iPhone containing the incriminating video. Mr. Purcell was informed by Deputy Sheriffs that the arresting officer (Defendant Fuller) was still in possession of Mr. Purcell's iPhone.

29. Upon his release, Mr. Purcell was ordered to appear in the District Court of Sebastian County on February 11 and 14, 2013, for arraignment on the charges upon which he was improperly arrested and charged.

30. After appearing in the District Court of Sebastian County on two occasions and sitting for approximately two hours on each occasion waiting for his case arraignment, Mr. Purcell was advised that all charges were dropped.

31. When he inquired about his iPhone after the charges were dropped, Mr. Purcell was told to speak to the Deputy Sheriffs and other officials at the Sebastian County Sheriff's Department.

32. Mr. Purcell subsequently spoke to Defendant Fuller regarding his iPhone. Defendant Fuller initially laughed and falsely stated that it had been returned to him with his cap. Defendant Fuller later changed his story, telling Mr. Purcell that he had "lost" the iPhone.

33. Mr. Purcell has subsequently been denied a copy of his arrest report by agents of Defendant Hollenbeck, although he was given a "Summary" created on February 21, 2013, falsely indicating that he was arrested on February 8, 2013 and released an hour later, which stated, *inter alia*:

Missing Black I-Phone 5

> On the above date and time while executing a search warrant see report 2013-2783.
>
> Purcell was arrested on the 8th of February, in doing so Purcel"s (*sic*) was miss placed (*sic*) or lost. Purcell described the phone as an (*sic*) Black I-Phone 5.
>
> I've contacted other officer's involved, with no success in locating the phone.

34.     Mr. Purcell made several trips and phone calls to the Sheriff's department asking that his iPhone be returned.

35.     Mr. Purcell was eventually told that if he brought in proof that it was his iPhone, the iPhone would be replaced if it was not returned. After Mr. Purcell obtained a printed statement from the Sprint Store in Fort Smith showing that the replacement cost for the iPhone 5 64G and LifeProof case would be $1,016.00, Defendant Hollenbeck, by and through his deputies and agents, refused to return or replace the phone.

36.     Mr. Purcell was told by Defendant Hollenbeck's deputies and agents that the department would not pay the foregoing amount but would only pay what he had originally been required to spend when he had also signed a two year contract with his service provider, which was considerably less. When Mr. Purcell explained that he was no longer eligible for that price and insisted upon full replacement value if the phone was not returned, he was told by the Defendant Hollenbeck, by and through his deputies and agents, "if you don't like it, get a lawyer."

37.     In an effort to obtain redress for his injuries and the Defendants' refusal to return his iPhone, and in order to bring these corrupt and illegal activities to the attention of the public, Mr. Purcell wrote letters describing his illegal treatment by the Defendants to various government officials including, but not limited to, the Sebastian County Sheriff (Defendant

Hollenbeck), the Mayor of the City of Fort Smith, the Governor of the State of Arkansas, and the Attorney General of the State of Arkansas.

38. Since complaining to various government officials regarding his treatment, on March 28, 2013, upon information and belief, agents and deputies of Defendant Hollenbeck, including but not limited to Defendant Fuller, have parked across the street from Mr. Purcell's girlfriend's home and come upon the premises of her home collecting information regarding her vehicle, in a public display of intimidation and retaliation for Mr. Purcell's reports of their illegal conduct and efforts to obtain redress.

39. After Mr. Purcell reported the presence of the deputies and agents of Defendant Hollenbeck to the Fort Smith Police Department, and the Fort Smith Police arrived on the scene, the deputies and agents left the scene, at which time one of the Deputy Sheriffs made a point to drive by while cocking his fingers back at Mr. Purcell as if holding a gun before speeding down the street in a white SUV.

40. Upon information and belief, Defendants are in possession of Mr. Purcell's iPhone and refuse to return it to him due to their fear of the incriminating nature of the video recording it contains.

41. Mr. Purcell has no adequate remedy at law for the adverse consequences of the Defendants' actions that continue unabated to the present. Mr. Purcell's iPhone contained significant personal information and family photos which are not stored on any other device, and do not exist in any other form.

42. Unless the Defendants immediately restrained from their actions in holding Mr. Purcell's iPhone, the Plaintiff will suffer irreparable injury.

43. At all times relevant to this complaint, Defendant Hollenbeck has had a policy, custom and practice of failing to adequately train its officers on the clearly established First Amendment right of the press and public to record police activity in public locations.

44. On information and belief, at all times relevant to this complaint, Defendant Hollenbeck has had a policy, custom and practice of failing to supervise and discipline his deputies and officers who unlawfully obstruct and/or prevent members of the media and the public from recording police activity conducted in public view, despite its awareness that these violations happen.

45. These repeated failures to supervise and discipline shows Defendant Hollenbeck's deliberate indifference to the First Amendment rights of the public and press to record police conduct in public.

46. The constitutional violations that Mr. Purcell suffered at the hands of the Defendants were caused by, in addition to the actions of Defendant Fuller, by Defendant Hollenbeck's unconstitutional practices, custom and policy of obstructing and/or preventing members of the media from filming police activity conducted in public, and being emboldened by lack of punishment to do so, failure to adequately train his deputies and officers about the First Amendment right of the press and public to record police activity from public locations, and his failure to supervise and discipline his deputies and officers to keep them from improperly and unlawfully obstructing and/or preventing individuals from recording police activity in public locations.

## COUNT I

**Section 1983 Claim for Violation of Plaintiff's First and Fourteenth Amendment Rights**
**(BOTH DEFENDANTS)**

47. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

48. Observing and recording police activity in public is fully protected by the free speech and free press clauses of the First Amendment to the United States Constitution, as applied to the State of Arkansas under the Fourteenth Amendment.

49. By arresting and detaining Mr. Purcell for recording police activity in public, Defendants, violated Mr. Purcell's clearly established First Amendment Rights, while acting under color of state law.

50. The confiscation of and failure to return Mr. Purcell's iPhone also violated Mr. Purcell's clearly established First Amendment Rights, while acting under color of state law.

51. Defendants, while acting under color of state law, violated a clearly established constitutional right of which the Sheriff and all Sebastian County Sheriff's deputies knew, or of which reasonable police officers should have known, rendering them liable to Mr. Purcell under 42 U.S.C. § 1983.

52. Defendants, while acting under color of state law, acted with reckless and callous indifference to Mr. Purcell's First Amendment rights.

53. The denial of constitutional rights is irreparable injury per se, and Mr. Purcell is entitled to declaratory and injunctive relief.

54. As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

55. As a direct and proximate result of all of the violations of Mr. Purcell's First Amendment rights, he suffered damages, including:

    a. Damage to his personal reputation;

    b. Physical pain and suffering;

    c. Psychological and emotional injury, past and future;

    d. Degradation, humiliation, mental anguish, suffering and embarrassment;

    e. Loss of his personal liberty, time and expenses in making bail, responding to and complying with orders related to the criminal charges; and,

    f. Loss of value of his personal property.

56. Defendants foregoing conduct was willful and malicious, or carried out with reckless disregard for his safety, such that punitive damages are warranted against these Defendants.

## COUNT II

### Section 1983 Claim for First Amendment Retaliation
### (BOTH DEFENDANTS)

57. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58. Mr. Purcell's First Amendment right to record Defendants' activity in a public space, the unlawful demand for his iPhone and the brutality of the assault and arrest of his person, and to call attention to this incident through public appeals to government officials and to pursue this lawsuit were violated when Defendants took the actions described hereinabove with the intent and effect of threatening, intimidating and retaliating against Mr. Purcell in order to chill his exercise of his First Amendment rights.

59. Defendants, while acting under color of state law, acted with reckless and callous indifference to Mr. Purcell's First Amendment rights.

60. The denial of constitutional rights is irreparable injury per se, and Mr. Purcell is entitled to declaratory and injunctive relief.

61.     As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

62.     Defendants foregoing conduct was willful and malicious, or carried out with reckless disregard for his safety, such that punitive damages are warranted against these Defendants.

## COUNT III

### Section 1983 Claim for Violation of Plaintiff's Fourth and Fourteenth Amendment Rights (BOTH DEFENDANTS)

63.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

64.     Defendants have, under color of state law, deprived and are continuing to deprive Mr. Purcell of his protected property interests in his seized personal property by seizing and continuing to hold without probable cause and without due process of law, and in an unreasonable manner, in violation of the Fourth and Fourteenth Amendments of the United States Constitution as incorporated against the states by the Fourteenth Amendment to the United States Constitution.

65.     Defendants have, under color of state law, deprived Mr. Purcell of his protected liberty interests by seizing and jailing his person, using excessive force and in an unreasonable manner, without probable cause to believe he was engaged in any criminal activity, in violation of the Fourth and Fourteenth Amendments of the United States Constitution as incorporated against the states by the Fourteenth Amendment to the United States Constitution.

66.     Defendants, while acting under color of state law, violated a clearly established constitutional right of which the Sheriff and all Sebastian County Sheriff's deputies knew, or of

which reasonable police officers should have known, rendering them liable to Mr. Purcell under 42 U.S.C. § 1983.

67. Defendants, while acting under color of state law, acted with reckless and callous indifference to Mr. Purcell's First Amendment rights.

68. The denial of constitutional rights is irreparable injury per se, and Mr. Purcell is entitled to declaratory and injunctive relief.

69. As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

70. Defendants foregoing conduct was willful and malicious, or carried out with reckless disregard for his safety, such that punitive damages are warranted against these Defendants.

## COUNT IV

### Claim for Violation of Arkansas Civil Rights Act of 1993
### Pursuant to Ark. Code Ann. § 16-123-105
### (BOTH DEFENDANTS)

71. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

72. In addition to those rights guaranteed and secured to Mr. Purcell by the United States Constitution, at all times relevant to the facts alleged herein, he enjoyed certain rights guaranteed by the Constitution of Arkansas, including Art. 2 § 21 – Life, Liberty and Property, providing that, "No person shall be taken, or imprisoned, or disseized of his estate, freehold, liberties or privileges; or outlawed, or in any manner deprived of life, liberty or property; except by judgment of his peers, or law of the land [].''

73. Defendants violated Mr. Purcell's forgoing constitutional right when he was wrestled to the ground, kicked, humiliated, handcuffed, arrested and jailed and his personal property was seized without any probable cause whatsoever to believe that he was engaged in any criminal activity.

74. As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

75. Defendants foregoing conduct was willful and malicious, or carried out with reckless disregard for his safety, such that punitive damages are warranted against these Defendants.

## COUNT V
### Malicious Prosecution
### (BOTH DEFENDANTS)

76. All preceding paragraphs are incorporated by reference as if fully set forth herein.

77. The Defendants caused criminal proceedings to be initiated against Mr. Purcell, without probable cause, which were terminated in Mr. Purcell's favor.

78. The Defendants' only motivation in initiating criminal proceedings against Mr. Purcell was to silence him by eliminating the image he captured on his iPhone and as such the motivation was particularly improper and sinister.

79. As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

80. Defendants foregoing conduct was willful and malicious, or carried out with reckless disregard for his safety, such that punitive damages are warranted against these Defendants.

## COUNT VI
### Conversion

## (BOTH DEFENDANTS)

81. All preceding paragraphs are incorporated by reference as if fully set forth herein.

82. Mr. Purcell was the lawful owner of an iPhone 5 which the Defendants intentionally and unlawfully took from him and which the Defendants continue to exercise dominion and control in flagrant violation of Mr. Purcell's rights.

83. As a direct and proximate result of the actions of Defendants, Mr. Purcell suffered the damages described herein, including but not limited to physical and psychological harm and injuries.

84. Defendants foregoing conduct was willful and malicious such that punitive damages are warranted against these Defendants.

## **Jury Demand**

85. The Plaintiff hereby requests a jury trial.

WHEREFORE, the plaintiff prays this Court:

a. Grant the Plaintiff compensatory damages in an amount sufficient to compensate him for his harms and losses, and in excess of the amount necessary for federal jurisdiction in diversity cases;

b. Grant the Plaintiff punitive damages in an amount sufficient to deter the defendants and their agents from similar misconduct;

c. Award the Plaintiff reasonable attorneys' fees in this cause;

d. Award the Plaintiff costs herein;

e. Award the Plaintiff pre-judgment and post-judgment interest

f.  Grant the plaintiff injunctive relief restraining Defendants from continuing to engage in the actions, their employees and agents from continuing to detain property which is not the subject of a court-ordered forfeiture or sale;

g.  Grant the plaintiff declaratory and injunctive judgment that the practices of defendants violated the rights of the plaintiff; and restraining defendants, their employees and agents from continuing

h.  All other proper relief.

Respectfully submitted,<br>Braden Purcell, Plaintiff

By: _____
Charles M. Kester, ABA #94238
THE KESTER LAW FIRM
P.O. Box 184
1160 North College Ave.
Fayetteville, AR 72702-0184
(479) 582-4600
(479) 571-1671 (Facsimile)

**AND**

Bruce L. Mulkey, ABA #91026
THE MULKEY ATTORNEYS GROUP, P.A.
1039 W. Walnut, Suite 3
Rogers, Arkansas 72756
(479) 631-0481
(479) 631-5994 (Facsimile)
bruce@mulkeylaw.com

***Attorneys for Plaintiff***

## VERIFICATION

I, the undersigned, hereby state on oath that I have read the above and foregoing Complaint, and that the facts, matters, and statements contained therein are true and correct to the best of my knowledge and belief.

_____
Braden Purcell

SUBSCRIBED AND SWORN to before me this 1st day of April 2013.

_____
Notary Public

PAULINE C. BUCKLEY
WASHINGTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires November 27, 2017
Commission No. 12363460

My Commission Expires:

Nov 27 2017